### JOHN BAILEY *vs.* JOSHUA T. SEAL'S Special Bail.

A discharge under the insolvent laws of New York prevents the arrest of the deft.'s person here, if the debt arose there.
Special bail relieved in such a case.

RULE to show cause why an exoneretur should not be entered on a bail piece.

The cause of action in this case, as against the deft. Seal, was a note drawn in the state of New-York and indorsed by him to plff. on which judgment had been recovered in this court. (Ante 232.) After the indorsement of that note Seal was discharged under the insolvent laws of New-York, of which proceeding Baily had notice as one of his creditors.

The question was whether such a discharge would operate to prevent the deft.'s arrest *here* for the same debt.

*Hamilton* cited the case of *Pedder* vs. *MacMaster,* 8 *T. Rep.* 609; in which the Court of King's Bench refused to order an exoneretur in a similar case.

*Bayard* said that the rule had been settled in this state for thirty years past, that our court would recognize and give effect to a discharge under the insolvent laws of other states. A discharge under the bankrupt laws in England discharges, not only the person of the debtor, but the debt itself. The English rule is not applicable to our insolvent proceedings; and it would be less applicable to our condition, considering the relations which the several states bear to each other.

*Hamilton* admitted that the rule had been so settled in reference to discharges in Pennsylvania and Maryland; but he contended that it was a rule which depended merely upon that comity which one state might choose to extend to another, and he said that in New-

York such a discharge under our insolvent laws would not be recognized.

The rule was made absolute.

*Hamilton*, for plaintiff.
*J. A. Bayard*, for defendant.